**United States District Court**
**District of Massachusetts**

```
                                    )
INOFIN, INC.                        )
          Debtor,                   )
                                    )
                                    )    Civil Case No.
MARK G. DEGIACOMO, CHAPTER 7        )    12-11821-NMG
TRUSTEE OF THE ESTATE OF INOFIN,    )
INC.                                )
          Plaintiff,                )
                                    )
          v.                        )
                                    )
RAYMOND C. GREEN, INC.              )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Currently before the Court is a motion of defendant Raymond
C. Green, Inc. ("RCG") to withdraw the reference to the
bankruptcy Court, pursuant to 28 U.S.C. § 157.

## I.   **Background**

Inofin Inc. ("Inofin") was in the business of financing sub-
prime auto loans.  RCG is a creditor that financed Inofin's
business.  In late 2010 Inofin experienced financial difficulties
and by January, 2011 stopped repaying its debt to RCG.  RCG then
conducted a foreclosure sale of Inofin's collateral pursuant to
Article 9 of the Uniform Commercial Code ("UCC").  Shortly
thereafter, other creditors filed an Involuntary Chapter 7

-1-

petition against Inofin for protection under the Bankruptcy Code.

## II. **Procedural History**

After the Chapter 7 Petition was filed against Inofin in February, 2011, Mark DeGiacomo was appointed Trustee ("the Trustee"). RCG filed a motion for Relief From Stay to enforce the foreclosure and the Trustee filed an Adversary Proceeding.

In its Answer and Counterclaim, RCG denied that certain proceedings were "core" and requested a jury trial on all issues so triable. Several months later, RCG filed its motion to withdraw the reference (Docket No. 1) to which the Trustee has filed an opposition (Docket No. 16). The Court heard oral argument on the motion on January 29, 2013.

## III. **Motion to Withdraw Reference to Bankruptcy Court**

### A. **Legal Standard**

Pursuant to 28 U.S.C. § 157(c), a bankruptcy judge may enter final orders with respect to "core" proceedings only. As to non-core proceedings, a bankruptcy judge may not enter final orders without consent of the parties but may submit proposed findings of fact and conclusions of law for de novo review by the district court. 28 U.S.C. § 157(c)(1). Pursuant to Section 157(e), absent the consent of the parties, a bankruptcy judge has no authority to conduct jury trials.

Furthermore, under the recent holding in Stern v. Marshall, 131 S. Ct. 2594, (2011), a bankruptcy judge as a non-Article III

-2-

judge, lacks constitutional authority to issue final orders as to those proceedings that adjudicate so-called "private rights" of action as distinct from "public rights." The District Court has discretion to withdraw the reference for "cause." It is generally recognized that cause includes instances in which a party has a right to a jury trial but does not consent to such a trial in Bankruptcy Court.

## B.   Analysis

RCG requests that the Court withdraw the reference to the Bankruptcy Court and conduct an integrated jury trial on all of the issues pending in the adversary proceeding. Five counts in the Amended Complaint remain viable: declaratory relief as to the validity of RCG's security interest in the Installment Contracts (Counts I and II),  violation of the UCC due to RCG's pre-bankruptcy foreclosure sale of debtor's property (Counts III and IV) and a claim for damages and attorneys' fees in connection with the foreclosure sale under Chapter 93A (Count V). The parties agree that Counts I and II are core bankruptcy proceedings as to which the Bankruptcy Judge may enter final judgment.

RCG claims that its Chapter 93A claim (Count V) entitles it to a jury trial. This Session of the District Court has, however, repeatedly held that there is no Seventh Amendment right to a jury trial for Chapter 93A claims. E.g. Bryksa v. B & B

-3-

Protector Plans, Inc., 754 F. Supp. 2d 199 (D. Mass. 2010)(citing
Wallace Motor Sales, Inc. v. American Motor Sales Corp., 780 F.2d
1049 (1st Cir. 1985)).  As a result, RCG is not entitled to a
jury trial on Count V and the Court finds that there is no cause
to remove the reference on that basis.

RCG also requests that the Court withdraw the reference on
the grounds that Counts III and IV involve non-core proceedings.
Although this Court acknowledges that if RCG objects to the
Bankruptcy Judge's proposed findings of fact and conclusions of
law and appeals her ruling, this Court will be compelled to
conduct de novo review, it nevertheless declines to withdraw the
reference.  Rule 206 of the Local Rules of the United States
District Court for the District of Massachusetts was drafted with
the specific intent of maintaining the traditional practice of
adjudicating adversary proceedings before Bankruptcy Judges who
possess specialized knowledge of the issues and familiarity with
similar cases.

The logic of the rule is particularly appropriate in this
case where the factual issues involved in determining the
validity of the security interest and the lawfulness of the
foreclosure are intertwined.  Furthermore, the motion to withdraw
was filed late in the case and the Bankruptcy Judge has already
expended considerable time and energy on pre-trial proceedings,
including the completion of lengthy evidentiary hearings and

-4-

ruling on motions to dismiss and for summary judgment.  As a result, the Court concludes that, in the interest of judicial efficiency, the motion to withdraw the adversary proceeding should be denied.

### ORDER

In accordance with the foregoing, the Motion to Withdraw the Reference (Docket No. 1) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated February 6 , 2013

-5-